UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: ONLINE DVD RENTAL
ANTITRUST LITIGATION
_____/

This Document Relates to:

Spears v. Netflix, Inc., et al.,
(C 09-0665 PJH)
_____/

No. M 09-2029 PJH

**ORDER DENYING MOTION
TO REMAND AND VACATING
HEARING DATE**

Before this court is plaintiff Carla Spear's motion to remand the complaint in this action. Plaintiff's complaint was originally filed in Circuit Court in Hillsborough County, Florida, on March 3, 2009. Defendants timely removed the action to federal district court for the Middle District of Florida, on April 8, 2009, invoking federal jurisdiction under the Class Action Fairness Act ("CAFA"). In May 2009, after the action had been transferred to this court for consolidation with the above-referenced pending multidistrict litigation, plaintiff filed the instant motion seeking remand back to state court. Having read the parties' papers and carefully considered the relevant legal authority, the court hereby DENIES plaintiff's motion to remand, for the following reasons:[1]

Under CAFA, a class action complaint filed under state law may be removable provided that (1) any member of the plaintiff class is a citizen of a state different from any

---

[1] This court finds plaintiff's motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the July 8, 2009 hearing date is VACATED.

1  defendant; and (2) the amount in controversy exceeds the sum or value of $5,000,000.
2  See 28 U.S.C. § 1332(d); Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994,997
3  (9th Cir. 2007).  Furthermore, under CAFA, the individual damages alleged per plaintiff is
4  irrelevant for purposes of determining the amount in controversy; rather, the issue is
5  whether the class members' claims *in the aggregate* equal or exceed $5,000,000.  28
6  U.S.C. § 1332(d)(6)("the claims of the individual class members shall be aggregated to
7  determine whether the matter in controversy exceeds the sum or value of $5,000,000...").

8  Here, plaintiff concedes, as she must, that the requisite diversity of citizenship is
9  satisfied.  See, e.g., Complaint, ¶¶ 9-12; Notice of Removal, ¶¶ 8-10 (establishing diversity
10 of citizenship between plaintiff and defendants).  Plaintiffs disputes instead whether
11 defendants have demonstrated, by a preponderance of the evidence, that the amount in
12 controversy exceeds $5,000,000.  See, e.g., Abrego Abrego v. The Dow Chem. Co., 443
13 F.3d 676, 683 (9th Cir. 2006)(where, as here, the complaint does not specify the amount of
14 damages sought, "the removing defendant must prove by a preponderance of the evidence
15 that the amount in controversy requirement has been met.").

16 On balance, the court concludes that they have.  Defendants submitted three
17 declarations in support of their Notice of Removal: the Declaration of Reginald Thompson
18 (Senior Corporate Counsel at Netflix); the Declaration of Jeffrey Maas (Senior Category
19 Director for Movies and Music at Wal-Mart), and the Declaration of Michele C. Lee (counsel
20 of record for Netflix).  Collectively, the declarations establish: that the number of Netflix
21 subscribers in Florida during the relevant class period was approximately 350,000
22 subscribers per month, corresponding to approximately 16.45 million monthly subscription
23 charges during the class period; that based on these subscriber amounts, plaintiff would
24 have to assert an overcharge of $0.31 per monthly subscription charge from Netflix alone to
25 put more than $5,000,000 in aggregate damages at issue; that Wal-Mart Stores sold more
26 than 88 million DVDs in Florida during the alleged conspiracy and/or class period; that
27 based on Wal-Mart's volume of DVD sales, plaintiff would have to assert an overcharge of
28

2

less than $0.06 per DVD from the Wal-Mart defendants alone to allege more than $5,000,000 in aggregate damages; and that, if treble damages are taken into account, the aggregate damages amount would need to be only $1,666,667 prior to trebling, which corresponds with an overcharge of less than $0.02 per DVD unit sold by the Wal-Mart defendants or less than $0.11 per monthly subscription unit charged by Netflix, in order to equal or exceed the $5,000,000 amount in controversy requirement. See Thompson Decl., ¶¶ 3-4; Maas Decl., ¶ 5; Lee Decl., ¶¶ 3-8.

Contrary to plaintiff's argument, defendants' showing does not amount to an iteration of simple conclusory allegations. Rather, given the direct sources for defendants' evidentiary showing, the nature of the antitrust injuries alleged by plaintiff, and the potential alleged size of the plaintiff class, defendants' showing satisfactorily establishes that plaintiffs' aggregate claims will more likely than not equal or exceed the sum of $5,000,000. Indeed, further confirming the correctness of this conclusion is plaintiff's wholesale failure to respond to defendants' allegations, either by filing a reply brief or by submitting any evidence sufficient to cast doubt upon defendants' showing.

In sum, defendants have sufficiently demonstrated that both prerequisites for the removability of plaintiff's complaint under CAFA – i.e., diversity of citizenship between plaintiff and the named defendants, and an aggregate amount in controversy equal to or in excess of $5,000,000 – have been satisfied. For all the foregoing reasons, therefore, the court DENIES plaintiff's motion to remand the complaint.

**IT IS SO ORDERED.**

Dated: July 6, 2009

PHYLLIS J. HAMILTON
United States District Judge

3